816 F.2d 683
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David CULP, Defendant-Appellant.
 No. 86-5640.
 United States Court of Appeals, Sixth Circuit.
 April 15, 1987.
 
 Before JONES, Circuit Judge, BROWN, Senior Circuit Judge, and RUBIN, Chief District Judge.*
 PER CURIAM.
 
 
 1
 Defendant appeals the judgment entered on his convictions for aiding and abetting in false statements before the Bureau of Prisons and a United States Magistrate, and for conspiring in the presentation of false statements. 18 U.S.C. Secs. 2, 371, 1001, 1623, (1982). Because there was sufficient evidence to justify the jury's conclusion that the elements of these offenses had been established beyond a reasonable doubt, we affirm the district court's judgment.
 
 
 2
 In May of 1985, defendant/appellant David Culp, a prisoner at the Federal Correctional Institute in Memphis, was caught trying to circumvent a urinalysis by means of a bottle of "clean" urine taped to his penis. He was caught by a guard, who filled out an incident report on Culp. On the incident report, Culp was reported as saying that others had committed the same act in the past without receiving punishment. He felt that he was being singled out to provide an example to others.
 
 
 3
 After receiving the incident report, Culp was placed in a segregation unit at the institution. He alleges that while there he spoke to a fellow inmate, Raymer, about why Culp had been placed in segregation. Upon hearing Culp's story, Raymer allegedly said that he had been caught with a bottle of urine before, but that the officer who caught him simply threw the bottle away and issued no incident report.
 
 
 4
 Culp subsequently requested that Raymer testify at his Institution Discipline Committee ("IDC") hearing. At the hearing, Raymer testified that he had been caught attempting to circumvent the urinalysis in the same manner attempted by Culp, but that he had not been reported. Instead, he had merely been forced to submit his own urine for testing. When the date of this alleged occurrence was sought, Rayner would at first only say it was "late summer;" then he narrowed it down to August of 1984. The IDC, however, learned from prison records that Raymer had not undergone a urinalysis in August of 1984. (It later turned out that Raymer had not even been in that prison in August.)
 
 
 5
 The IDC therefore considered Raymer's testimony to be untruthful, and Culp was found guilty of the incident charged. On approximately May 25, 1985, defendant Culp, in an administrative appeal of the IDC's decision, stated that defendant Raymer testified before the IDC that the incident in which he was involved occurred "around August of 1984." However, around June 9, 1985, the defendant wrote out a declaration which co-defendant Raymer signed. The declaration alleged that co-defendant Raymer had testified before the IDC that his (Raymer's) incident occurred "around October of 1984."
 
 
 6
 On or about May 22, 1985, Culp requested a temporary restraining order, and a hearing regarding that request was held before Magistrate Brown on June 20-21, 1985. At the hearing before Magistrate Brown, co-defendant Raymer took the stand and testified that in October 1984 he was called to give a urine specimen and Officer Melton caught him with a bottle. Raymer testified that Officer Melton took the bottle and made Raymer give a true urine specimen. Raymer testified that he was not given an incident report for the incident. Raymer denied that he had said "August" in the earlier IDC hearing. He stated before the magistrate that he had testified before the IDC that the urinalysis was in October 1984.
 
 
 7
 Criminal charges were subsequently brought against Culp. The indictment charged Culp with conspiring, and with aiding and abetting, in Raymer's allegedly false testimony regarding the lack of a report on Raymer's attempt to substitute urine. At Culp's trial, Correctional Officer Kenneth Melton testified that he had requested a urine specimen from co-defendant Raymer in October 1984. The prison's records also reflected that Raymer gave two specimens in October. But Melton denied that he caught Raymer with a bottle in October 1984. Further, Officer Melton testified that had Raymer been caught with a bottle, he would have received an incident report. Following the jury trial, Culp was convicted of all the charges. His motions for judgment of acquittal and for a new trial were denied, and he now appeals his conviction on the grounds that there was insufficient evidence to support his conviction.
 
 
 8
 In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the government. Glasser v. United States 315 U.S. 60, 80 (1942). We may inquire only whether the relevant evidence could be accepted by a reasonably minded jury as adequate and sufficient to support the conclusion of guilt beyond a reasonable doubt. United States v. Elkins, 732 F.2d 1280, 1287 (6th Cir.1984). Officer Melton's testimony was an adequate basis for the jury's conclusion that Raymer's story about being caught was false. Once this was established, the circumstances surrounding the false testimony provided a sufficient basis for the jury's conclusion that defendant had conspired with Raymer and had aided and abetted in the presentation of the false statements. See, e.g., United States v. Butler, 618 F.2d 411, 414 (6th Cir.), cert. denied, 447 U.S. 927 (1980).
 
 
 9
 Accordingly, we AFFIRM the judgment of the district court.
 
 
 
 *
 Honorable Carl B. Rubin, United States District Court for the Southern District of Ohio, sitting by designation